NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-441

BAHIG BISHAY & another[1]

vs.

OCWEN FINANCIAL CORPORATION[2] & others.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Bahig and Mary Bishay (hereinafter the Bishays or plaintiffs), appeal from a judgment of the Superior Court that dismissed a "Verified Complaint for Declaratory and Injunctive Relief" that was signed by both of them. The factual basis for the complaint appears to arise from a foreclosure that was initiated several years ago.

In 2014, a Superior Court judge entered an injunction (2014 injunction) that provides, among other things, that any complaint that either Bahig or Mary Bishay submits for filing in a "Massachusetts state court of original jurisdiction" shall first be reviewed by a Regional Administrative Justice (RAJ) to

---

[1] Mary Bishay, f/k/a Mary Costello.
[2] Doing business as PHH Corporation.
[3] Glen A. Messina, U.S. Bank National Association, Andrew Cecere, Locke Lord, LLP, Stephane Sprauge, Orlans PC, and Alison Orlans.

determine whether the complaint is frivolous.  If the RAJ determines that the complaint is frivolous, the complaint shall be dismissed.

The process established by the 2014 injunction was followed in this case.  The RAJ reviewed the complaint and various other materials submitted by the Bishays, and, after a hearing, determined that the complaint was frivolous and dismissed the case.

The Bishays' brief on appeal does not identify any error of law or abuse of discretion in the judge's decision.  The complaint does not identify facts from which a judge could conclude that there is a plausible basis for the declaratory and injunctive relief sought in the complaint.  Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008).  The judgment dismissing the complaint is accordingly affirmed.

So ordered.

By the Court (Vuono, Singh & Englander, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  October 19, 2023.

---

[4] The panelists are listed in order of seniority.

2